**YAN QIN YANG, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 04–5222–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

Edward J. Cuccia, Ferro & Cuccia, New York, NY, for Petitioner.

Dean S. Daskal, Assistant United States Attorney, for Maxwell Wood, United States Attorney, Columbus, GA, for Respondents.

PRESENT: Honorable JOSEPH M. McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, Honorable EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

Petitioner Yan Qin Yang, a citizen of China, seeks review of a BIA order affirming the May 22, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied Yang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordered her removed from the United States. *See In re Yan Qin Yang*, No. A 78 848 930 (B.I.A. Sept. 2, 2004), *aff'g* No. A 78 848 930 (Immig. Ct. N.Y. City May 22, 2003). Yang asserts that the agency erred in failing to grant her relief based on past persecution in the form of a forced abortion and a well-founded fear of future persecution and torture in the form of forced sterilization or forced insertion of an IUD. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Preliminarily, we note that Yang's failure to challenge the denial of her withholding and CAT claims before the BIA compels us to dismiss these claims for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006); *Lin Zhong v. United States Dep't of Justice*, 480 F.3d 104, 119 n. 18 (2d Cir.2007). Accordingly, our review is limited to Yang's asylum claim.

When, as here, the BIA adopts and affirms an IJ's denial of asylum without discussing the particular grounds for that denial, we will review the IJ decision together with that of the BIA. *See Ming*

1. The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

*Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled on other grounds by Shi Liang Lin v. United States Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) *(en banc ).*

Yang's petition for review fails because the IJ expressly found that her claims of past and future political persecution were not credible. With respect to past persecution, the IJ stated that he did "not truly believe that this respondent made the decision to have the abortion because of the consideration of the birth control laws of China. It is evident to the Court that the respondent really made a personal decision .... on the basis of the pressure of the family and friends." [2] We cannot conclude that a factfinder was compelled to find otherwise in light of substantial evidence from Yang and her mother that petitioner submitted to the abortion to spare herself and her family the shame of an illegitimate pregnancy. Further supporting the IJ's finding that Yang was not credible in claiming past political persecution or such feared future persecution was Yang's failure to reference the abortion or any fear of a future forced sterilization or IUD insertion in her credible fear interview. This was not a matter of simple omission. At the credible fear interview, Yang advanced a falsified claim of membership in Falun Gong as her sole ground for asylum. Such deliberate falsification of a matter going to the heart of an asylum claim appropriately raises general credibility concerns. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007); *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir.2004). Thus, to the extent the IJ concluded that he did "not even believe that [Yang] ... truly believes" that she faces forced sterilization or IUD insertion on return to China, we cannot conclude that the record compels a contrary conclusion.

In sum, substantial evidence supported the IJ's adverse credibility finding, which itself constituted substantial evidence that petitioner had failed to demonstrate the past political persecution or well-founded fear of such future persecution necessary to support an asylum claim. *See Zhou Yun Zhang v. INS,* 386 F.3d at 79.

To the extent Yang submits that a new hearing is warranted because, after the BIA's ruling, she gave birth to a second son in the United States, we cannot review a claim based on facts outside "the administrative record on which the [challenged] order of removal is based." 8 U.S.C. § 1252(b)(4)(A). We express no opinion as to whether Yang can herself seek further agency review.

For the foregoing reasons, the petition for review is DENIED.

---

**2.** In light of this specific finding, it is unnecessary to remand this case for consideration of whether China's birth control policy would manifest "force" in the case of a petitioner who actually sought an abortion in anticipation of the policy's future application to a pending pregnancy. We note only that, in *Matter of T–Z–,* the BIA recently ruled that "an abortion is 'forced' within the meaning of the Act when a reasonable person would objectively view the threats for refusing the abortion to be genuine, and the threatened harm, if carried out, would rise to the level of persecution." 24 I. & N. Dec. 163, 168 (BIA 2007).